IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-43,179-03






EX PARTE SHELDON MOSLEY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 95-CR-3738-A IN THE 28th DISTRICT COURT


FROM NUECES COUNTY






 Per curiam. Keller, P.J., filed a dissenting opinion in which Keasler, Hervey,
and Alcala, JJ., joined.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of
aggravated sexual assault of a child and sentenced to sixty years' imprisonment in each count. The
Thirteen Court of Appeals affirmed his conviction. Mosley v. State, No. 13-96-00129-CR (Tex.
App.--Corpus Christi, delivered January 23, 1998, no pet.).

 Applicant contends that he is actually innocent based upon newly discovered evidence of a
recantation made by the complainant in this case. We remanded this application to the trial court
for findings of fact and conclusions of law.

 The trial court conducted a live evidentiary hearing where several witnesses, including the
complainant, testified regarding Applicant's claim of actual innocence. Based on the testimony
given at the hearing, the trial court determined that no reasonable jury would convict Applicant in
light of the newly discovered evidence. We agree. The Applicant has established a claim of actual
innocence that warrants habeas corpus relief. Ex parte Thompson, 153 S.W.3d 416 (Tex. Crim. App.
2005). 

 Relief is granted. The judgment in Cause No. 95-CR-3738A in the 28th District Court of
Nueces County is set aside, and Applicant is remanded to the custody of the Sheriff of Nueces
County to answer the charges as set out in the indictment. The trial court shall issue any necessary
bench warrant within 10 days after the mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: September 11, 2013

Do not publish